IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>REID ALAN SUNDBERG,<br><br>     Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:17-cr-00338-DB<br><br>District Judge Dee Benson |

This matter is before the Court on Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(a). (Dkt. No. 34.)

## BACKGROUND

In May 2017, Defendant Reid Alan Sundberg was charged with (1) possession of an unregistered sawed-off shotgun in violation of 26 U.S.C. § 5861(d); (2) felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1); (3) possession of heroin in violation of 21 U.S.C. § 844(a); and (4) possession of methamphetamine in violation of 21 U.S.C. § 844(a). On July 25, 2017, Defendant pled guilty to the § 922(g)(1) charge, and the government dropped the three other criminal counts. (Dkt. No. 16.) On October 12, 2017, the court sentenced Defendant to 60 months of incarceration and 36 months supervised release. (Dkt. No. 28.)

Defendant, who is 48 years old, is currently serving his sentence at the Federal Correctional Institution, Terminal Island ("FCI Terminal Island"). As of the date of Defendant's Motion, he had completed approximately 38 months of incarceration. With Good Conduct Time, he has a projected release date of September 3, 2021, and he will be eligible for home detention on March 6, 2021.

Defendant alleges that he has made multiple requests for compassionate release to the administration of FCI Terminal Island and has not yet received any kind of response. He further alleges that more than 30 days have passed since those requests were submitted. On July 13, 2020, Defendant filed the present motion pursuant to 18 U.S.C. § 3582(c)(1)(A) asking for a compassionate release sentence reduction based on the threat posed by the COVID-19 pandemic. (Dkt. No. 34.) Defendant seeks to be immediately released to reside in a planned sober living facility in Rose Park, Utah.

## DISCUSSION

It is well-established that a "district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)). Title 18 U.S.C. § 3582(c) permits a court to modify a term of imprisonment upon motion for compassionate release if certain conditions are met. Previously, only the Bureau of Prisons (BOP) could bring such a motion on a defendant's behalf. However, in 2018 the compassionate release statute was amended by the First Step Act. Now, a defendant may file his own motion for relief if "(1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf." *United States v. O'Brien*, 2020 WL 4260630, *2 (D. Kan. July 24, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).

Once a defendant has satisfied the administrative requirements, the district court may reduce the defendant's term of imprisonment if, "after considering the factors set forth in Section

3553(a) to the extent they are applicable,"[1] the court finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's applicable policy statement is found in U.S.S.G. § 1B1.13.[2] *United States v. Vashawn*, Slip Copy, 2020 WL 4219789, *3 (D. Kan. July 23, 2020). As pertinent here, this policy statement provides that the court may reduce a term of imprisonment, after considering the § 3553(a) factors, if (1) "[e]xtraordinary and compelling reasons warrant the reduction," and (2) "[t]he defendant is not a danger to the safety of any other person or the community," and (3) "[t]he reduction is consistent with this policy statement." *Id.*

Application Note 1 to § 1B1.13 provides that extraordinary and compelling reasons exist "under any of the [four] circumstances set forth" in subdivisions (A) through (D). Subdivision (A) provides that the medical condition of a prisoner may qualify for compassionate release if (i) he is suffering from a terminal illness, or (ii) he is suffering from a serious physical or medical condition that "substantially diminishes" his ability to provide self-care within the prison and he is not expected to recover. U.S.S.G. § 1B1.13 application note 1(A). Subdivisions (B) and (C) apply to age and family circumstances, which are not applicable to the present motion. Subdivision (D) supplies a "catchall" provision which provides that compassionate release may

---

[1] The sentencing factors in 18 U.S.C. § 3553(a) include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense the promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant effective training and treatment; (3) the kinds of sentences available; (4) the kinds of sentences and sentencing range applicable to the category of offense committed; (5) any pertinent policy statements; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims.

[2] The Sentencing Commission's applicable policy statement, USSG § 1B1.13, predates the First Step Act and "has not been updated to reflect the statutory amendment." *United States v. Jackson*, 2020 WL 2812764, *3 (D. Kan. May 29, 2020).

be warranted for "an extraordinary and compelling reason other than, or in combination with, the reasons described in" the other subdivisions. U.S.S.G. § 1B1.13 application note 1(D).[3]

It is Defendant's burden to establish that a "compassionate release" is warranted under the statute. *United States v. Wesley*, 2020 WL 3868901, *1 (D. Kan. July 9, 2020); *see also United States v. Bright*, 2020 WL 473323, at *1 ("extraordinary and compelling" imposes a heavy burden on a defendant seeking relief under Section 3582(c)(1)(A)). A court exercises its discretion in ruling on such a motion. *Wesley*, 2020 WL 3868901, at *1 (citing *United States v. Piper*, 839 F.3d. 1361, 1265 (10th Cir. 2016)).

In the present motion, Defendant argues that he is entitled to compassionate release under the Sentencing Commission's catch-all "Other Reasons" provision due to the present COVID-19 pandemic and his underlying health conditions. He claims that he suffers from serious health problems which put him at an increased risk of suffering severe illness or death if he contracts COVID-19. Specifically, Defendant maintains that he suffers from moderate to severe asthma and heart disease, and that he underwent a heart operation in 2011.

---

[3] Some courts have ruled, based on the express wording of application note 1(D) to § 1B1.13, that only the BOP may invoke the "catchall" provision of subdivision (D). *See Jackson*, 2020 WL 2812764, at *3 (citing cases). The "overwhelming majority of courts," however, have rejected this approach, finding "[i]t would undermine the change made by Congress in the [First Step Act]." *Id.* (assuming, for purposes of deciding compassionate release motion, that a court is not limited to circumstances set forth in subdivisions (A) through (C)). Instead, they have concluded that although the old policy statement provides helpful guidance, "it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction." *United States v. Younger*, 2020 WL 3429490, *5 (D. Kan. June 23, 2020); *see also United States v. Pullen*, 2020 WL 4049899, *3 & n.28 (D. Kan. July 20, 2020) ("In accordance with the weight of authority, the Court is not limited to circumstances (A) through (C), and it may exercise its own discretion to determine whether other extraordinary and compelling reasons warrant relief under the statute"); *United States v. O'Bryan*, 2020 WL 869475, at *2 (D. Kan. Feb. 21, 2020) ("In the wake of the First Step Act, numerous courts have recognized the court can determine whether extraordinary and compelling reasons exist to modify a sentence – and may do so under the 'catch all' provision.").

The Court finds that Defendant has failed to establish that "extraordinary and compelling reasons" support his request for sentence reduction. The medical records provided by Defendant show that Defendant has indeed suffered from respiratory issues in the past and undergone heart surgery. However, these records are all dated between 2011 and 2014. Defendant does not supply any evidence of his *present* medical situation, nor has he attempted to show that his diagnosed medical conditions are not sufficiently under control at FCI Terminal Island. *See United States v. Hinton*, 2020 WL 5057602, at *2 (D. Utah Aug. 27, 2020) (denying the defendant's motion to reduce his sentence where, "although Defendant suffer[ed] from asthma and several other health issues, he ha[d] presented no evidence that any of his medical conditions [we]re not well under control despite being incarcerated"); *see also United States v. Davis,* 2020 WL 3037249, at *3 (D. Kan. June 5, 2020) (finding that the defendant's asthma and other medical conditions, "while chronic, appear[ed] to be well-controlled within the BOP environment," and that "[w]hile his medical conditions may place him at some increased risk of complication should he be infected with Covid-19," these concerns "do not rise to the level of extraordinary and compelling reasons").

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. No. 34) is hereby DENIED.

DATED this 2nd day of September, 2020.

BY THE COURT:

Dee Benson
United States District Judge